## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CLAY KENDHAMMER; PAUL RUDELL; PATRICIA RUDELL; RENEE BERCHEM; and TIMOTHY BERCHEM, | Case No. 20-CV-1539 (NEB/TNL) |
| Plaintiffs, | ORDER ON MOTION TO DISMISS |
| v. | |
| AW DISTRIBUTING, INC.; JOHN DOE COMPANY; ALICE HO; AW & HO (HOLDINGS), INC.; AW PRODUCT SALES & MARKETING, INC.; and KENNIC HO, | |
| Defendants. | |

---

In July 2017, while driving on Interstate 94 in Wisconsin, a truck driver, allegedly high on dust remover spray, lost control of his vehicle. He crashed into a car carrying Adam Kendhammer, Bryan Rudell, and Jeremy Berchem, killing them. Family members of the victims sued a dust remover spray manufacturer, alleging that its product caused the deadly crash. Defendants moved to dismiss. For the reasons below, the Court grants their motion.

### BACKGROUND

Defendants AW Distributing, Inc., AW Product Sales & Marketing, Inc., AW & Ho (Holdings), Inc., Kennic Ho, and Alice Ho (collectively, "Defendants") design,

manufacture, and sell a dust remover spray called Ultra Duster. (ECF No. 12 ("Am. Compl.") ¶ 153.) Although dust remover products like Ultra Duster are meant to be sprayed on computer keyboards and other surfaces to remove debris, (*id.* ¶¶ 2, 59), people sometimes inhale these products to get high. (*Id.* ¶¶ 44–45, 47.) The inhalation of dust remover can cause unconsciousness, drowsiness, dizziness, suffocation, and paralysis. (*Id.* ¶¶ 2, 66–67.) Because of these intoxicating effects, inhaling duster spray before driving or while driving can lead to car crashes. (*E.g.*, *id.* ¶¶ 88, 111, 130–31, 163.)

In July 2017, Kendhammer, Rudell, and Berchem, all of whom were Minnesota residents, were driving east on Interstate 94, bound for cabin in Wisconsin. (*Id.* ¶¶ 6, 212.) Around the same time, a truck driver, who had allegedly been inhaling Ultra Duster, was driving westbound on Interstate 94. (*Id.* ¶¶ 6, 205–06, 208–11.) In Dunn County, Wisconsin, the driver lost control of his truck and crashed into Kendhammer, Rudell, and Bechem's vehicle, killing all three. (*Id.* ¶¶ 205, 212.)

Family members of Kendhammer, Rudell, and Berchem then brought this suit, alleging that Defendants are liable for the men's deaths.[1] (*See generally* Am. Compl.) They allege that Defendants defectively designed and manufactured Ultra Duster, and that Defendants failed to warn of the risks associated with using Ultra Duster while driving. (*Id.* ¶¶ 213–52.) They also bring claims for negligence, breach of express and implied

---

[1] The Plaintiffs are Clay Kendhammer (Adam Kendhammer's brother), Patricia and Paul Rudell (Bryan Rudell's parents), and Renee and Timothy Berchem (Jeremy Berchem's parents) (collectively, "Plaintiffs"). (Am. Compl. ¶¶ 7–8, 13–15, 20–22.)

warranties, public nuisance, and violation of several state statutes. (*Id.* ¶¶ 253–304.) AW Distributing, Inc. brought a motion to dismiss for lack of personal jurisdiction and failure to state a claim. (ECF No. 17 at 2.) The four other defendants moved the Court to dismiss on the same bases, and also for improper venue.[2] (ECF No. 42.)

## ANALYSIS

A court must dismiss a complaint when venue is improper. 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Venue is proper: (1) in a district in the state where all defendants reside; or (2) in the district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). If, and only if, neither of those subsections applies, venue is proper in any district where a defendant is subject to personal jurisdiction. *Id.* § 1391(b)(3).

First, all Defendants are residents of California, so venue is not proper in Minnesota under Section 1391(b)(1). (Am. Compl. ¶¶ 27–30.) Second, no substantial part of the events giving rise to Plaintiffs' claims against Defendants occurred in Minnesota. Their claims stem from a car crash that happened in Wisconsin. (*Id.* ¶ 6.) The claims also involve the Defendant's design and development of Ultra Duster, which occurred outside

---

[2] These four defendants were not named in the original Complaint but were added in Plaintiffs' Amended Complaint. (ECF No. 1; Am. Compl.) These four defendants accepted service after AW Distributing, Inc. moved to dismiss, so the Court permitted the four new defendants extra time to respond to the Amended Complaint. (ECF Nos. 29, 34.)

Minnesota. (*E.g.*, ECF No. 38 ¶ 13 (attesting that no part of the design or development of Ultra Duster took place in Minnesota).)

Plaintiffs argue that venue is proper because: (1) the decedents were all Minnesota residents, and their trip began in Minnesota; (2) Plaintiffs sued in Minnesota under Minnesota law; and (3) Defendants sold Ultra Duster in Minnesota. (ECF No. 49 at 28.) The first two arguments are easily dispensed with. When determining whether venue is proper, the Court must focus on Defendants' allegedly wrongful acts, not Plaintiffs' activities. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). As for the third argument, the Court has no reason to believe that the truck driver bought the can of Ultra Duster in Minnesota. In fact, at the hearing, Plaintiffs' counsel conceded that the truck driver likely bought the can in Wisconsin. But even if the truck driver had purchased the Ultra Duster can in Minnesota, this fact would be insufficient to establish venue under Section 1391(b)(2), because it would not be a *substantial* part of the events giving rise to this suit. *See Steen v. Murray*, 770 F.3d 698, 704 (8th Cir. 2014) (citation omitted) (explaining that "an event does not 'give rise to the claim' simply because the alleged wrongful conduct would have been impossible without the event"). The wrongful conduct Plaintiffs complain of relates to Defendants' design and manufacturing of Ultra Duster, including their failure to effectively deter abuse of the product and failure to warn of the dangers associated with improper use while driving. These acts and omissions occurred outside Minnesota. (ECF No. 38 ¶ 13.)

Plaintiffs cite *Oien v. Thompson*, 824 F. Supp. 2d 898 (D. Minn. 2010), for the proposition that venue is proper in Minnesota when a Minnesota resident sues an out-of-state resident based on an out-of-state car crash. (ECF No. 49 at 28.) *Oien*, however, involved a motion to transfer under 28 U.S.C. Section 1404(a), and the court analyzed whether the plaintiffs' choice of forum was entitled to deference, a wholly different question than whether a substantial part of the events giving rise to a claim occurred in the district for purposes of Section 1391(b)(2).

Although Plaintiffs abandoned their argument under Section 1391(b)(3) at the hearing, the Court notes that this Section is not implicated in any event. Section 1391(b)(3) is only relevant to venue analysis "if there is no district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(b)(3). In other words, if venue is proper elsewhere under Sections 1391(b)(1) or 1391(b)(2), a party cannot invoke Section 1391(b)(3) to argue that venue is proper. *Atl. Marine*, 571 U.S. at 56–57 (explaining that Section 1391(b)(3) is a "fallback option" if "no other venue is proper"). Since venue is proper, at the very least, in California under Section 1391(b)(1), Section 1391(b)(3) is inapplicable.

Finally, the Court notes that AW Distributing, Inc. did not move the court to dismiss based on improper venue. (*See* ECF Nos. 17, 19.) Ordinarily, a party must "state with particularity the grounds" for its motion. Fed. R. Civ. P. 7(b)(1)(B). But this rule is intended to give the opposing party notice of the grounds of the motion and to permit it

5

CASE 0:20-cv-01539-NEB-TNL   Doc. 63   Filed 04/23/21   Page 6 of 7

a "meaningful opportunity to respond," and the rule should not be applied in an "overly technical fashion." *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 793 (8th Cir. 2003) (citation omitted). Even though AW Distributing, Inc. did not include improper venue as a basis for its motion to dismiss, Plaintiffs nevertheless had an opportunity to, and actually did, respond to this argument, since the other four Defendants included it in their motion and their brief in support. (*See* ECF Nos. 37 at 27–28, 49 at 26–28 (Plaintiffs arguing, without distinguishing between Defendants, that venue is proper).) Further, dismissing AW Distributing Inc. despite its failure to raise improper venue in its motion would be consistent with the purpose of the Federal Rules of Civil Procedure—to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.[3] Because venue is not proper in this District, the Court grants Defendants' motion to dismiss.[4]

---

[3] Since the Court is dismissing the case based on improper venue, it need not consider Defendants' arguments that the case should be dismissed for lack of personal jurisdiction and failure to state a claim.

[4] For the first time at the hearing, Plaintiffs asked the Court, if it found venue to be improper, to transfer this case to California, rather than dismiss it. Ordinarily a court should dismiss an action when venue is improper, unless it is "in the interest of justice" to transfer the case. 28 U.S.C. § 1406(a). Plaintiffs have not proposed any reasons why transfer would be in the interest of justice, and the Court cannot see any either. As a result, it will dismiss this action.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, Defendants' motions to dismiss (ECF Nos. 17, 42) are GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 23, 2021                          BY THE COURT:

                                               s/Nancy E. Brasel
                                               Nancy E. Brasel
                                               United States District Judge